FILED
3/1/2021
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80625-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICAH JAMES GODFREY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Micah Godfrey challenges the trial court's check-the-box findings supporting a third competency restoration in accordance with RCW 10.77.086(4). An appeal is moot if this court may not provide effective relief.

Here, Godfrey did not seek a stay of the court's decision to order a third competency restoration, and his competency has been restored. As a result, this appeal is moot because no effective relief is available. Godfrey does not establish any collateral consequences resulting from the third competency restoration order, and the public interest exception does not apply because there is little likelihood that reaching the merits would provide future guidance.

Therefore, we dismiss this appeal as moot.

FACTS

Micah Godfrey was charged with five counts of second degree assault with a deadly weapon enhancement on each count. In January 2019, the trial court

found Godfrey incompetent to stand trial and committed him to Eastern State Hospital for a 90-day restoration period.

At the end of the restoration period, Dr. Amy Sellers evaluated him. Dr. Sellers diagnosed Godfrey with delusional disorder and concluded he was incompetent because he continued to "exhibit paranoid delusions."[1] As a result, she recommended a second 90-day restoration period, which the trial court ordered.

At the end of Godfrey's second restoration period, Dr. Sellers evaluated Godfrey again and diagnosed him with schizophrenia. Dr. Sellers reported that Godfrey's auditory hallucinations were partially managed by his medications. But she noted his paranoid delusions, "where he believes people are out to get him," are fixed.[2] As a result, Dr. Sellers concluded that Godfrey remained incompetent to stand trial and further efforts to restore competency were not likely to be successful.

On October 9, 2019, the trial court conducted Godfrey's third competency hearing. The trial court concluded that Godfrey's "ongoing delusions" made him incompetent, and the court committed him for a third restoration period of 180-days.[3] The court reasoned his delusions had improved over time and continued improvement was "quite possible."[4]

---

[1] Clerk's Papers (CP) at 35.

[2] Ex. 1.

[3] Report of Proceedings (RP) (Oct. 9, 2019) at 50-58.

[4] Id. at 55.

After the court's ruling, the prosecutor asked the court to find that Godfrey "is a substantial danger to other person[s] or presents a substantial likelihood of committing criminal acts jeopardizing public safety or security and that there's a substantial probability he'll regain competency within a reasonable time."[5] The trial court responded "Yes," and signed an order prepared by the prosecutor. The order included a check-the-box finding that "a third restoration period is appropriate under RCW 10.77.086."[6]

Godfrey appeals the court's decision to order a third competency restoration. At oral argument before this court, the prosecutor confirmed that Godfrey's third restoration period was successful, he was found competent, and is currently awaiting trial.

## ANALYSIS

Godfrey contends that the trial court's "findings" were insufficient to order a third competency restoration. Even assuming Godfrey is correct, we conclude this appeal is moot.

"When we can no longer provide effective relief, an appeal is moot."[7] And "'[a]s a general rule, this court will not review a moot case.'"[8]

Godfrey did not seek a stay of the third competency restoration order pending appeal. He finished his third restoration period during the pendency of

---

[5] Id. at 58.

[6] CP at 44.

[7] Matter of Dependency of T.P., 12 Wn. App. 2d 538, 544, 458 P.3d 825 (2020) (citing In re Marriage of Horner, 151 Wn.2d 884, 891, 93 P.3d 124 (2004)).

[8] Id. at 545 (quoting Horner, 151 Wn.2d at 891).

this appeal and has been found competent to stand trial. Godfrey cites no authority supporting the proposition that in the absence of a stay, he is entitled to relief from the court's current determination that his competency to stand trial has been restored. Because we cannot provide effective relief on the issue before us, Godfrey's appeal is moot.

Godfrey contends we should reach the merits of his appeal because exceptions to the mootness doctrine apply here. We disagree.

Specifically, he argues this appeal is not moot because there are collateral consequences to the order committing him to a third restoration period. An appeal is not moot where the decision appealed can have collateral consequences.[9]

Godfrey relies upon In re Detention of M.K., where the court held an appeal of an involuntary civil commitment order is not moot even if the period of commitment has expired.[10] The court explained RCW 71.05.245 allows a court in a future involuntary civil commitment proceeding to consider recent prior civil commitments.[11] Because "each order of commitment entered up to three years before the current commitment hearing becomes a part of the evidence against a person seeking denial of a petition for commitment," the civil commitment order was not moot.[12] But unlike the detainee in M.K., Godfrey fails to show any true collateral consequences resulting from the third competency restoration order.

---

[9] In re Det. of M.K., 168 Wn. App. 621, 625-26, 279 P.3d 897 (2012).

[10] 168 Wn. App. 621, 629-30, 279 P.3d 897 (2012).

[11] Id. at 626.

[12] Id.

At oral argument before this court, Godfrey asserted collateral consequences based upon RCW 71.05.212, where the legislature acknowledges previous efforts to restore competency in a criminal case, chapter 10.77 RCW, can be considered in an involuntary civil commitment. Specifically, he notes that RCW 71.05.212(1)(c) provides a professional conducting an evaluation under the involuntary civil commitment statutes shall consider "[p]rior determinations of incompetency under chapter 10.77 RCW." But Godfrey has not challenged the trial court's prior determinations of incompetency in this appeal. Instead, he challenges the adequacy of the trial court's "findings" to order a third competency restoration.

Further, RCW 71.05.212(a) provides that a professional conducting an evaluation under the involuntary civil commitment statutes shall consider "[p]rior recommendations for evaluation of the need for civil commitments when the recommendation is made pursuant to an evaluation conducted under 10.77 RCW."[13] Therefore, the evaluator's recommendations would be properly before the court whether or not the court ordered a third competency restoration.[14] And RCW 71.05.212(1)(a) undercuts any suggestion that a court's order of a third competency restoration under chapter 10.77 RCW would have any consequence for a future involuntary civil commitment proceeding.

Therefore, neither RCW 71.05.212(1)(c) nor (1)(a) support a collateral consequence exception to the mootness of Godfrey's appeal.

---

[13] (Emphasis added.)

[14] RCW 71.05.212(1).

5

Godfrey also invokes the public interest exception to the mootness doctrine. Even though Godfrey's case is moot, "we may nevertheless decide [a case] if [it] involve[s] matters of continuing and substantial public interest."[15]  Courts weigh five considerations when evaluating the public interest exception, including "'whether an authoritative determination is desirable to provide future guidance to public officers.'"[16]  But the core question of the sufficiency of the "findings" turns largely on the trial court's use of conclusory check-the-box findings in a mental health proceeding.  And there is ample authority rejecting such "findings" in mental health settings.[17]  Thus, there are minimal, if any, prospects for future guidance arising out of yet another challenge to check-the-box findings.  We are not persuaded we should reach the merits in this context.

---

[15] In re Det. of LaBelle, 107 Wn.2d 196, 200, 728 P.2d 138 (1986); Eyman v. Ferguson, 7 Wn. App. 2d 312, 320, 433 P.3d 863 (2019); Cox v. Kroger Co., 2 Wn. App. 2d 395, 408, 409 P.3d 1191 (2018).

[16] In re Det. of H.N., 188 Wn. App. 744, 749-50, 355 P.3d 294 (2015) ("In deciding whether a case presents issues of continuing and substantial public interest three factors are determinative: '(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.'  A fourth factor that 'may also play a role' is 'the level of genuine adverseness and the quality of advocacy of the issues.'  Finally, the court may consider 'the likelihood that the issue will escape review because the facts of the controversy are short-lived.'") (internal quotation marks omitted) (quoting Westerman v. Cary, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994)).

[17] E.g., LaBelle, 107 Wn.2d at 219-20 (holding that "findings" entered on "preprinted standardized form[s]" that only recite "generally the statutory grounds for involuntary commitment" are not sufficient); Matter of Det. of G.D., 11 Wn. App. 2d 67, 70, 450 P.3d 668 (2019) (holding that in mental health settings the court's "findings" must be "sufficiently specific to permit meaningful [appellate] review" and they must "indicate the factual bases for the court's conclusion.") (citing id. at 218-19).

The relief Godfrey seeks is reversal and remand "for vacation of the commitment order and dismissal of Mr. Godfrey's charges."[18] Godfrey fails to show how this remedy is appropriate for inadequate competency restoration "findings." Because the third restoration period has restored his competency and he is currently awaiting trial, the typical remedy of remanding for entry of "findings" regarding the court's previous order will not provide effective relief. No exceptions to the mootness doctrine apply.

Therefore, we dismiss this appeal as moot.

_____

WE CONCUR:

_____    _____

---

[18] Appellant's Br. at 30.